UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| Timothy Sanders, | Case No. 2:22-cv-01373-APG-EJY |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| Castaneda, *et al.*, | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Appointment of Counsel. ECF No. 44. Plaintiff's Motion asserts that counsel should be appointed based on the nature and severity of his claims, his limited ability to litigate his case while incarcerated, his inability to afford counsel, and the complexity of the claims raised. ECF No. 44 at 1-8. As a general proposition, a civil litigant has no right to counsel. *Lassiter v. Department of Social Services of Durham County*, 452 U.S. 18 (1981); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). A court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Plaintiff reiterates the claims raised in his Amended Complaint and states he will succeed on the merits. ECF No. 44. However, Plaintiff's assertions are insufficient to warrant appointment of counsel. *Carroll v. California Dep't of Corr.*, Case No. 19-CV-2126-BAS-KSC, 2021 WL 1963812, at \*1 (S.D. Cal. May 17, 2021). Further, Plaintiff's ability to clearly articulate the nature of his claims demonstrates he is more than capable of pleading his case. As for his limitations in his ability to litigate while incarcerated, inability to afford counsel, and the complexity of the legal issues involved, these factors do not constitute "exceptional circumstances." *Zamaro v. Moonga*,

1

656 Fed.Appx. 297, 299 (9th Cir. 2016).  Indeed, "the Constitution does not require the elimination of all economic, intellectual, and technological barriers to litigation."  *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989), *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343, 350 (1996).  *See also Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (finding that prisoner litigants' lack of a legal education does not constitute exceptional circumstances).

Accordingly, the Court finds Plaintiff has not established exceptional circumstance and IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel (ECF No. 44) is DENIED.

DATED this 24th day of July, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE