UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TIMOTHY SANDERS, | Case No.: 2:22-cv-01373-APG-EJY |
| Plaintiff | **Order Denying Motion for Preliminary Injunction** |
| v. | [ECF Nos. 32, 33] |
| CASTANEDA, et al., | |
| Defendants | |

Plaintiff Timothy Sanders sues various individuals for events that occurred while Sanders was incarcerated at Southern Desert Correctional Center (SDCC). After screening, the following claims remain pending: (1) First Amendment retaliation claim against Jeremy Reese and Victor Castaneda; (2) Eighth Amendment indifference related to Sanders' leg wound against Derrick Kelly, Reese, and Duane McCarthy; (3) Eighth Amendment excessive force against Kelly, Joseph Costello, Jr., McCarthy, Reese, and Castaneda; and (4) Eighth Amendment sexual assault against Castaneda. ECF Nos. 12 (screening order); 13 (Sanders' notice that he would not be amending); 14 (order that the claims that passed screening would proceed).

Sanders moves for a temporary restraining order and preliminary injunction to keep correctional officers and wardens from threatening or harming him or his witnesses in this case. ECF No. 32 at 1, 5. Sanders asserts that since he filed this case, he has been denied medical care, targeted for cell searches, and physically attacked by correctional officers. *Id.* at 5. Specifically, he states that in January 2024, he was "attacked by multiple" correctional officers. *Id.*

The defendants respond that Sanders does not set forth the appropriate legal standard to support his motion, nor does he identify which wardens or correctional officers are allegedly

threatening and harming him. They argue that with respect to the two incidents Sanders identified in his motion, correctional officers had reason to enter his cell and restrain him because he had contraband and was fighting with other inmates. They contend that after the incident at SDCC that forms the basis of Sanders' amended complaint in this case, Sanders was transferred to High Desert State Prison (HDSP), and there is no evidence that the officers at HDSP retaliated against Sanders for the incident at SDCC. The defendants also assert that Sanders cannot seek relief against HDSP officers who are not parties before the court in this case. Finally, they argue that Sanders has not exhausted his administrative remedies with respect to a retaliation claim based on events at HDSP.

Sanders replies that throughout his time in prison, he has had few disciplinary writeups until the SDCC incident, after which he has received 20 writeups and been targeted for a cell search. He contends that correctional officers at HDSP have friends who work at SDCC and because of staff shortages, sometimes correctional officers work at more than one facility. He also contends that when he has been disciplined, he has been given more time than is allowed under the prison regulations. And he asserts that he has filed grievances, but they get thrown away. As to the defendants' contention that he was fighting, Sanders contends that he was fighting to defend his life after he was attacked by another inmate.

To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public

interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

Additionally, in the context of a civil action challenging prison conditions, injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). I must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out" in § 3626(a)(1)(B). *Id.* A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation and emphasis omitted).

I lack authority to grant a preliminary injunction unless there is "a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant "relief of the same character as that which may be granted finally." *Id.* (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

I deny Sanders' motions. There is not a sufficient nexus between the claims in the amended complaint, which are based on an incident at SDCC, and the requested relief because Sanders seeks an injunction based on incidents at HDSP against correctional officers who are not parties to this case. Moreover, Sanders has not shown a likelihood of success on the merits. He assumes that the correctional officers at HDSP knew about his grievances regarding the incident at SDCC and retaliated against him for those grievances. But there is no evidence that the

officers involved in the incidents at HDSP knew about what happened at SDCC or knew that Sanders filed grievances at SDCC. Absent that knowledge, there can be no retaliatory motive.

He also refers to correctional officers threatening or harming witnesses, but he does not present evidence that any witness has been threatened or harmed. And he claims he has been denied medical care since filing this lawsuit, but he presents no evidence to support this assertion. Finally, to the extent Sanders is requesting that I order correctional officers not to enter his cell, that would not be in the public interest and would have an adverse impact on prison operations.

Sanders has not made a clear showing that he is entitled to the injunctive relief that he requests. As a result, I deny his motions.

I THEREFORE ORDER that plaintiff Timothy Sanders' motions for temporary restraining order and preliminary injunction **(ECF Nos. 32, 33) are DENIED**.

DATED this 12th day of November, 2024.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE