1              UNITED STATES DISTRICT COURT

2                   DISTRICT OF NEVADA

3                        * * *

4    Timothy Sanders,                    Case No.  2:22-cv-01373-APG-EJY

5              Plaintiff,

6         v.                             **ORDER**

7    Castaneda, *et al.*,

8              Defendants.

9

10        Pending before the Court is Plaintiff's Motion for Leave to Request Production of

11   Documents (ECF No. 72) filed on April 24, 2025 (the "Motion for Leave").  Also pending is

12   Plaintiff's Motion to Compel (ECF No. 73) filed on May 8, 2025.  The Court considered the

13   Motions and Defendants' Responses.  ECF Nos. 74, 78.  Plaintiff filed no replies.

14   **I.      Relevant Background**

15        Plaintiff's primary focus in his Motion for Leave is on what he believes is unproduced

16   video of a sexual assault Plaintiff claims occurred on January 5 or 6, 2022.  ECF No. 72 at 2-9.  In

17   addition to this focus, Plaintiff appears to seek leave to propound a new set of document requests

18   to which he wants responses before this matter proceeds further.  *Id*. at 10-17.  Plaintiff asks the

19   Court to excuse the timing of his requests (post close of discovery), which he contends arises from

20   various High Desert State Prison ("HDSP") lockdowns and the lack of access to the prison law

21   library.  *Id*. at 2-4.  Ultimately, Plaintiff seeks to compel production of documents at ECF No. 73.

22        Defendants respond to Plaintiff's Motions by pointing out that discovery was initially set

23   to close on October 15, 2024, but was extended the first time for an additional 90 days (to January

24   13, 2025), and then a second time for an additional 60 days (to March 14, 2025), both times at

25   Plaintiff's request.  ECF No. 74 at 2-3.  While on April 16, 2025 Plaintiff made a request to reopen

26   discovery alleging inability to access the HDSP law library (*id*. at 3); a thorough investigation,

27   including discussions with the HDSP library supervisor, revealed Plaintiff's access to the law

28   library was not restricted as he claimed.  *Id*. at 4.  Thus, Defendants declined Plaintiff's request to

1    reopen discovery. *Id*. Defendants further contend Plaintiff fails to establish good cause for altering

2    the scheduling order and excusable neglect for this failure to seek this alteration before the

3    discovery period closed. *Id*. at 4-7.

4        With respect to Plaintiff's Motion to Compel, Defendants explain video of events on

5    January 5 and 6, 2022 never existed, and provide cogent and specific reasons supported by

6    declarations under penalty of perjury. ECF Nos. 78 at 2-3; 80-1; 80-2 (Declarations filed under

7    seal). The reasons provided have not been disclosed to Plaintiff. However, the Court's review

8    confirms the information submitted by Defendants shows that disclosure of the information could

9    implicate safe operations of HDSP as well as Southern Nevada Correctional Center ("SDCC").

10        Defendants further explain that Plaintiff timely served only one set of Requests for

11    Production of Documents and that only one of those requests sought video footage. ECF Nos. 78

12    at 2 *citing* 78-2 at 10 (Plaintiff's request states: "Video footage of Van Incident from 1/5/22 1/6/22

13    Before we left For The Trip and After The Trip need to see all photographs All the Defendants,

14    history, Disciplinary, All pg. 6 things relevant to Case."). Defendants demonstrate that in

15    preparation for responding to Plaintiff's request they contacted SDCC administrative staff who

16    confirmed no footage of the events at issue existed. ECF Nos. 78 at 2; 80-1. Defendants

17    nonetheless produced to Plaintiff his medical records, the investigative report, and photographs.

18    ECF Nos. 78 at 2-3 and 5 n.1; 78-1 ¶ 12. Thereafter, and following receipt of Plaintiff's Motion

19    to Compel, Defendants again inquired into the existence of video and was again told there was

20    none. ECF Nos. 78 at 3; 80-2.

21        The Court notes Defendants timely filed a Motion for Summary Judgment on April 18,

22    2025 (ECF No. 66) and Plaintiff has filed two dispositive motions (ECF Nos. 84 and 87) the second

23    of which was filed on August 20, 2025 and is titled as a Motion for Summary Judgment.

24    **II.    Discussion**

25        A.    <u>The Court Cannot Compel What a Party Does not Have.</u>

26        Well settled law establishes that "[a] court cannot order a party to produce documents that

27    do not exist ... A plaintiff's mere suspicion that additional documents must exist is an insufficient

28    basis to grant a motion to compel." *Porter v. Gore*, Case No. 18cv1221-GPC-LL, 2020 WL

1493615, at *5 (S.D. Cal. Mar. 27, 2020). *See also Estrada v. Macis*, Case No. 1:15-cv-01292-AWI-SAB (PC), 2017 WL 4151187, at *3 (E.D. Cal. Sept. 19, 2017) ("Absent evidence to the contrary, not present here, Plaintiff is required to accept defendant's representation that such documentation either does not exist or cannot be located ...."); *Perez v. State Farm Mutual Automobile Ins. Co.*, Case No. C-06-01962 JW (PSG), 2011 WL 1362086, at *4 (N.D. Cal. Apr. 11, 2011) (motion to compel denied where responding party declared unequivocally in its opposition that it had no responsive documents in its possession, custody or control); *Sundance Image Technology, Inc. v. Cone Editions Press, Ltd.*, Civil No. 02cv2258 B (AJB), 2005 WL 8173278, at *7 (S.D. Cal. Aug. 19, 2005) ("Defendants stated in their response to each of these requests that there either are no responsive documents or that they have no responsive documents. While this may not be the response that Plaintiff was looking for, it is a proper response under Rule 34....").

The facts here establish Defendants do not have the video Plaintiff seeks. Defendants provide sworn statements to this effect and provide evidence showing there was an initial timely investigation and subsequent efforts to ensure there was no video to produce. Given these facts, the Court denies Plaintiff's Motions to the extent they seek video footage from Defendants.

B.   Plaintiff's Request for Production of Documents Included with his April 24, 2025 Motion are Untimely and the Concomitant Motion to Compel is Denied.

Plaintiff's Motion for Leave attaches twenty one (21) Requests for Production of Documents. ECF No. 72 at 10-15. This Motion was filed on April 24, 2025. Discovery in this matter opened on April 16, 2024 and did not close until March 14, 2025. Granting Plaintiff's Motion to Compel responses to the document requests would require reopening discovery leading to a disruption of the dispositive motion practice already before the Court. While disruption of dispositive motions does not necessarily stop the Court from granting such a request, the circumstances that would ordinarily prompt the Court to reopen discovery are not present here. That is, granting Plaintiff's request requires the Court to find Plaintiff demonstrated good cause under Fed. R. Civ. P. 16(b)(4) and excusable neglect under Local Rule 26-3; Plaintiff does neither.

1    Federal Rule of Civil Procedure Rule 16(b)(4) allows extensions to the Court's

2   scheduling order "only for good cause and with the judge's consent."  The Rule's "good cause

3   standard primarily considers the diligence of the party seeking the amendment."  *Johnson v.*

4   *Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quote marks omitted).  In

5   sum, a district court may modify the pretrial schedule "if it cannot reasonably be met despite the

6   diligence of the party seeking the extension."  *Id*.  As stated in *Jackson v. Laureate, Inc.*, 186

7   F.R.D. 605 (E.D. Cal. 1999),

8        Central to … [a] showing … [of] diligence is whether the movant discharged her
         obligation under Rule 16 to collaborate with the district court in managing the case.
9        *See In re San Juan Dupont Plaza Hotel Fire Litig.*, 111 F.3d 220, 228 (1st Cir.
         1997).  "As Rule 16 recognizes, scheduling orders are at the heart of case
10       management," *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986), and are
         intended to alleviate case management problems, *Johnson*, 975 F.2d at 610.
11       Because "[g]ood-faith compliance with[ ] Rule 16 plays an important role in this
         process," *Veranda Beach Club Ltd. Partnership v. Western Sur. Co.*, 936 F.2d
12       1364, 1371 (1st Cir. 1991), not only must parties participate from the outset in
         creating a workable Rule 16 scheduling order but they must also diligently attempt
13       to adhere to that schedule throughout the subsequent course of the litigation.  *See*
         *Marcum [v. Zimmer]*, 163 F.R.D. [250,] 253 [S.D.W.V. 1995] ("Indeed, a
14       scheduling order is the critical path chosen by the trial judge and the parties to fulfill
         the mandate of Rule 1 in 'secur[ing] the just, speedy, and inexpensive determination
15       of every action.' "); *Forstmann [v. Culp]*, 114 F.R.D. [83,] 84 [(M.D.N.C. 1987)]
         ("The drafters of the Rules intended this order to 'control the subsequent course of
16       the action' ....").

17   *Id*. at 607-08.

18    When determining whether a party's failure to meet a scheduling deadline constitutes

19   excusable neglect, the Court applies "a four-factor equitable test, examining: (1) the danger of

20   prejudice to the opposing party; (2) the length of the delay and its potential impact on the

21   proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."  *Walls*

22   *v. Corecivic, Inc.*, Case No. 2:14-cv-02201-KJD-PAL, 2018 WL 3973401, at *3 (D. Nev. Aug. 17,

23   2018) (quoting *Irvine Unified Sch. Dist. v. K.G.*, 853 F.3d 1087, 1091 (9th Cir. 2017)).

24    Here, Plaintiff addresses neither good cause nor excusable neglect despite propounding

25   requests for production of documents a month after discovery closed.  Plaintiff's *pro se* status does

26   not excuse his obligation to address these standards.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.

27   1987) ("*pro se* litigants must follow the same rules of procedure that govern other litigants.")

28   (internal quote marks and brackets removed).  Further, the Court finds Plaintiff's allegation that

he lacked access to the law library is defied by sworn testimony and records. Given these facts the Court finds Plaintiff has not established diligence. Plaintiff had substantial opportunity, including extensions of discovery agreed upon by Defendants, to propound written discovery. Plaintiff demonstrated his ability to do so as evidenced by Defendants' August 16, 2024 responses to those requests. ECF No. 78-2. The declaration of Heather Baca-Cook, law library supervisor at HDSP, shows Plaintiff had significant access to the facility's library in January and February 2025, thus suggesting he could have crafted a second set of document requests before the close of discovery. This evidence also defies Plaintiff's claim that a lockdown prevented him from drafting and sending document requests.

In sum, Plaintiff has not established diligence and, therefore, the Court's analysis properly stops. However, even if diligence was established, the Court finds Plaintiff has not shown excusable neglect for his failure to timely serve discovery. The reason for Plaintiff's delay is not supported by the facts on which he relies.

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motions for Leave to Request Production of Documents (ECF No. 72) and to Compel (ECF No. 73) are DENIED.

DATED this 15th day of September, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE